Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                          Chapter 11
NEXT GENERATION TECHNOLOGY INC.                    Case No. 15-11695 (SCC)

                    Debtor.
------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

STATE OF ILLINOIS    )
                                    ) ss.:
COUNTY OF COOK )

      LALIT DEO, being duly sworn, deposes and says:

      1.      I am the Chief Operating Officer of Next Generation Technology Inc., the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein.

      2.      The Debtor is a New York corporation which operates an information technology consulting business.

      3.      On June 26, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered.

      4.      The Debtor sought protection under the Bankruptcy Code as a result of the entry of substantial money judgments against it and in favor of U.S. Bank National Association f/k/a Lyon Financial Services, Inc. d/b/a Bancorp Manifest Funding Services ("U.S. Bank") (judgement

entered on March 25, 2015 in the amount of $170,184.54) and NTL Capital LLC (as assignee of Citibank NA) (judgment entered on May 7, 2015 in the amount of $1,019,683.38). U.S. Bank had recently restrained/levied against certain of the Debtor's bank accounts. The Debtor filed its chapter 11 petition for the purposes of staying further enforcement efforts by the two judgment creditors while the Debtor attempts to negotiate with its creditors so as to reorganize its financial affairs.

5. Pursuant to LBR 1007(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

6. Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of the entities that I believe to be the twenty largest unsecured creditors of the Debtor, excluding insiders, has been filed with the Court.

7. Pursuant to LBR 1007-2(a)(5), a list containing the names and addresses of the entities that I believe to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule D which has been filed with the Court.

8. Pursuant to LBR 1007-2(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules B, D, E and F which have been filed with the Court.

9. Pursuant to LBR 1007-2(a)(7), Namita Deo holds 100% of the issued and outstanding interests of the Debtor, all of which are privately held.

10. Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

11. Pursuant to LBR 1007-2(a)(9), the Debtor leases office premises at 116 South Arlington Heights Road, Suite 301, Arlington Heights, Illinois 60005.

12. Pursuant to LBR 1007-2(a)(10), all of the corporate assets and books and records are located with the Debtor at 116 South Arlington Heights Road, Suite 301, Arlington Heights, Illinois 60005.

12. Pursuant to LBR 1007-2(a)(11), the only pending or threatened actions or proceedings against the Debtor are as follows:

- *U.S. Bank National Association f/k/a Lyon Financial Services, Inc. d/b/a Bancorp Manifest Funding Services v. Next Generation Technology, Inc. a/k/a Next Generation Biotechnology, Inc.*, Supreme Court of the State of New York, County of New York, Index No. 156449/2012 – Judgment Entered.

- *NTL Capital LLC v. Next Generation Technology, Inc. and Namita Deo*, Supreme Court of the State of New York, County of Westchester, Index No. 69836/2013 – Judgment Entered.

13. Pursuant to LBR 1007-2(a)(12), the Debtor's management consists of myself as CEO and Namita Deo as President.

14. Pursuant to LBR 1007-2(b)(1), the Debtor estimates that its gross payroll for employees exclusive of officers for the thirty (30) day period following the Petition Date will total approximately $110,000.00.

15. Pursuant to LBR 1007-2(b)(2), the amount proposed to be paid for services for the thirty (30) day period following the Petition Date to the officers, directors, and stockholders is $0.

16.     Pursuant to LBR 1007-2(b)(3), the Debtor estimates that its cash receipts during the thirty (30) day period following the Petition Date will total approximately $130,000.00. The Debtor's expenses and disbursements (exclusive of employee payroll and taxes) for the same period should total approximately $5,000.00.

17.     The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
LALIT DEO

Sworn to before me this
29th day of June, 2015

_____

OFFICIAL SEAL
A D GLOWICKA
Notary Public - State of Illinois
My Commission Expires Dec 16, 2017