UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                                          Chapter 11
                                                                                Case No. 15-11695 (SCC)

NEXT GENERATION TECHNOLOGY, INC.,

                                                     **OBJECTION TO**
                       Debtor.                                **DEBTOR'S MOTION**

-------------------------------------------------------------X

Creditor, NTL Capital LLC ("Creditor" or "NTL"), by and through its attorneys, Harrington, Ocko & Monk, LLP, submits this memorandum of law in opposition to the motion of Debtor, Next Generation Technology, Inc. ("Debtor" or "Next Generation"), for an order pursuant to §§105(a), 363(b), and 507(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor's: (a) payment of pay pre-petition wages and salaries owed to employees; and (b) continued use of Intuit, Inc. for payroll and employee-related services.

## ARGUMENT

### I. DEBTOR'S MOTION SHOULD NOT BE GRANTED UNDER §105(a)

Debtor seeks authorization from this Court to payment of pre-petition wages and salaries of employees under this Court's equitable power provided for in §105 of the Bankruptcy Code. However, the Debtor has failed to provide the Court with a sufficient basis for use of its equitable powers to grant Debtor's request, to the prejudice of Creditors, like NTL. As a result, the motion must be denied.

Section 105 of the Bankruptcy Code provides bankruptcy courts with certain equitable powers, including the power to issue orders that are necessary or appropriate to carry out the provisions of the Bankruptcy Code. *Capital Factors, Inc. v. K-Mart Corp.*, 291 BR 818, 821

(N.D.Ill. 2003). This Court's application of its equitable powers often is referred to as the "doctrine of necessity", in which Courts allow for payment of pre-petition claims regarding certain creditors. *Id.* However, Courts are split with regard to whether §105, and the Court's equitable powers, allow for payment of pre-petition unsecured claims, like the payment of wages to employees. *Id.* Even those Courts that do recognize §105 as authorizing post-petition payments of pre-petition debts, only utilize this equitable power under the most extraordinary of circumstances. *In re Allegheny Health,* 313 BR 673, 678 (W.D.Pa. 2004). A debtor seeking to have the Court utilize its equitable powers under §105 to make post-petition payments of pre-petition debts, must make a showing of extraordinary circumstances to justify the Court's use of this equitable power. *Id.*

Here, the Debtor has failed to provide the Court with a cognizable justification for the payment of pre-petition wages of employees, much less set forth the extraordinary circumstances required for the Court to authorize such payments under §105. In its motion, Debtor Next Generation asserts that it supposedly owes almost $53,000 in wages for employees, and will soon owe approximately $47,000 in wages, which constitutes debt incurred pre-petition. Next Generation further asserts that unless paid, these employees will incur extreme personal hardship, and if not paid, the employees will somehow disrupt the employee/employer relationship by quitting.

However, the Debtor submits absolutely no evidence of any of these supposed facts, which justify the request it is making; no affidavits of employees, no breakdown of which employees are owed what amount, no breakdown of what jobs and duties these employees performed for the company, and how such jobs are critical to the continued operation of the company. Rather, the Debtor submits simply the Affidavit of its CEO, who has absolutely no

personal knowledge of any of the facts to which he attests. Without any of these critical facts, or affidavits of the actual employees attesting to these facts, the Debtor has failed to meet its burden of showing the extraordinary circumstances necessary for this Court to allow for such payments of wages under §105.

As importantly, the Court should not allow Debtor to boost the priority of payment to anonymous unsecured creditors, like unnamed and unidentified employees, over that of secured creditors, like NTL. The Bankruptcy Code is specifically setup to preclude this kind of priority shifting of payments, other than in certain limited instances, none of which are present here. As such, the Court should not use its equitable powers under §105 to allow the Debtor to make payments to unsecured, unnamed employees, to the prejudice of secured creditors, like NTL

## II. DEBTOR HAS FAILED TO DEMONSTRATE JUSTIFICATION FOR PAYMENT OF PRE-PETITION DEBTS UNDER §507(a)

Debtor has also sought the same relief requested, payment of post-petition payment of pre-petition debts of employee, namely, wages and salaries, under §507(a) of the Bankruptcy Code. However, Debtor has clearly failed to meet the burden of proving entitlement to such priority payments and, as such, the motion should be denied.

Section 507 of the Bankruptcy Code allows for priority of certain limited expenses and claims by the Debtor in order to further the administration of a Chapter 11 reorganization. This includes specified unsecured claims of up to $12,475 for an individual or corporation, earned 180 days before the date of filing the petition, depending on the circumstances.

However, Debtor has failed to carry its burden to show any of these wages are owed in the amounts claimed as to any of the individual employees. The conclusory Affidavit of Debtor's CEO is simply not evidence that the wages are owed, and fails to show which employees are owed what, and in what amounts.

3

Moreover, the Debtor had failed to provide case law indicating that the total amount of these payments can exceed that enumerated in the statute, for each and every employee of the company. If the cap on these kinds of supposed administrative payments were $12,450 per employee, this would create an almost limitless exception to the express limitation in the bankruptcy law, that precludes payment of pre-petition debts to unsecured parties.

Moreover, Debtor has failed to show how these payments further the orderly administration of the estate in Chapter 11, or will facilitate the ability of secured creditors, like NTL, to be paid from limited debtor assets. While the Debtor states that it "anticipates" having the cash required to make these payments, it provides no evidence that this is true, or that if such payments are made to these anonymous employees, there will be anything left to pay secured creditors, like NTL.

If the Court is inclined to allow for certain payment to employees, of the debtor, the Court should limit the payments, as provided for in the statute, to a total collective amount of just over $12,000 for all employees supposedly owed wages. Prior to any such payments, the Court should require Debtor to submit and affidavit of each employee, indicating the amount in particular owed, the specific job or duties of that employee, and how that job or those duties will further the orderly reorganization of the Debtor, to facilitate the payment of amounts owed to secured creditors, like NTL.

Dated: White Plains, New York
July 6, 2015

Respectfully submitted,

By: _____
John T.A. Rosenthal (JR-4819)
HARRINGTON, OCKO & MONK, LLP
*Attorneys for Plaintiff*
81 Main Street, Suite 215

4

        White Plains, NY  10601
        (914) 686-4800

TO:

Eric C. Zabicki, Esq.
PICK & ZABICKI LLP
*Proposed Counsel to the Debtor*
369 Lexington Avenue, 12th Floor
New York, NY 10118
(212) 695-6000