Douglas J. Pick, Esq.  
Eric C. Zabicki, Esq.  
**PICK & ZABICKI LLP**  
Counsel to the Debtor  
369 Lexington Avenue, 12th Floor  
New York, New York 10017  
(212) 695-6000  

Hearing Date: **December 29, 2015**  
Time: **10:00 a.m.**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------------x  
In re:  
NEXT GENERATION TECHNOLOGY, INC.  

                    Debtor.  
---------------------------------------------------------------x  

Chapter 11  
Case No. 15-11695 (SCC)

## NOTICE OF DEBTOR'S MOTION FOR AN ORDER RECLASSIFYING SECURED CLAIM ASSERTED AGAINST THE DEBTOR BY THE ILLINOIS DEPARTMENT OF REVENUE (CLAIM NO. 2) TO A GENERAL UNSECURED CLAIM

**PLEASE TAKE NOTICE**, that upon the annexed application dated November 18, 2015, and the exhibits annexed thereto, Next Generation Technology, Inc., the debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, will move this court before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on December 29, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard, for the entry of an Order, pursuant to §§502 and 506 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), reclassifying the secured claim asserted against the Debtor by the Illinois Department of Revenue by way of its Proof of Claim filed in the Debtor's case and designated by the Clerk of the Court as Claim No. 2 to a general unsecured claim, together with such other and further relief as may be just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall (i) be made in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (iii) set forth the name of the objecting party, the nature and amount of any claim or interest held or asserted against the Debtor's estate or property, the basis for the objection and the specific grounds therefor, (iv) be filed with the Court with a copy to the chambers of the Honorable Shelley C. Chapman, together with proof of service thereof, and (v) be served in a manner so as to be received by Pick & Zabicki LLP, 369 Lexington Avenue, 12th Floor, New York, New York 10017, not later than seven (7) days prior to the hearing date.

Dated: New York, New York
       November 18, 2015

                                                **PICK & ZABICKI LLP**
                                                Counsel to the Debtor

                                             By: _____
                                                    Douglas J. Pick
                                                    369 Lexington Avenue, 12th Floor
                                                    New York, New York 10017
                                                    (212) 695-6000

Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11
NEXT GENERATION TECHNOLOGY, INC.                                    Case No. 15-11695 (SCC)

                    Debtor.
------------------------------------------------------------x

### DEBTOR'S APPLICATION FOR AN ORDER RECLASSIFYING SECURED CLAIM ASSERTED AGAINST THE DEBTOR BY THE ILLINOIS DEPARTMENT OF REVENUE (CLAIM NO. 2) TO A GENERAL UNSECURED CLAIM

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Next Generation Technology, Inc., the debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, submits this application (the "Application") in support of an Order, pursuant to §§502 and 506 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), reclassifying the secured claim asserted against the Debtor by the Illinois Department of Revenue ("Illinois") by way of its Proof of Claim filed in the Debtor's case and designated by the Clerk of the Court as Claim No. 2 (the "Claim", a copy of which is attached hereto as *Exhibit "A"*) to a general unsecured claim, and respectfully represents and alleges as follows:

## BACKGROUND

1.  By way of background, the Debtor is a New York corporation which operates an information technology consulting business.

2.  On June 26, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. The Debtor subsequently filed its Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs (the "Schedules") pursuant to Bankruptcy Rule 1007(b).

3.  By way of its Schedule B, a copy of which is attached hereto as *Exhibit "B"*, the Debtor listed all of its assets (*e.g.*, bank account balances, deposits, accounts receivable, computer equipment, furnishings and the like) having a total estimated value of $254,117.41 as of the Petition Date.

4.  By Order entered on August 3, 2015, this Court established September 25, 2015 as the last date for the filing of proofs of claim by non-governmental units on account of pre-Petition Date obligations of the Debtor and December 28, 2015 with regard to governmental units. A Court-approved notice of the aforementioned "bar dates" was subsequently served on all creditors and parties in interest.

5.  On July 16, 2015, Illinois filed the Claim in the Debtor's case asserting a pre-petition secured claim in the amount of $24,987.95 on account of income tax withholding obligations for various tax periods ending between March 31, 2009 and March 31, 2010. The basis for Illinois' assertion of an entitlement to secured status with regard to the Claim is the

issuance of notices of tax liens on August 15, 2012 in connection with the tax amounts underlying the Claim.

6.  On July 28, 2015, the Internal Revenue Service (the "IRS") filed a proof of claim in the Debtor's case (Claim No. 3) (the "IRS Claim", a copy of which is attached hereto as *Exhibit "C"*), asserting a pre-petition claim in the total amount of $1,019,092.46 and comprised of: (a) a secured claim in the amount of $254,117.41; (b) a priority claim in the amount of $353,340.74; and (c) a general unsecured claim in the amount of $411,634.31. The secured portion of the IRS Claim is premised upon a notice of federal tax lien issued by the IRS on July 8, 2009 on account of unpaid corporate income and FICA taxes for tax periods ending December 31, 2007 and December 31, 2008. The $254,117.41 amount stated by the IRS Claim in connection with the secured portion of the IRS Claim is equal to the total estimated value of the Debtor's assets as of the Petition Date as stated in the Debtor's Schedule B.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this case and the Application pursuant to 28 U.S.C. §157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue is proper before in this District pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are §§502 and 506 of the Bankruptcy Code and Bankruptcy Rule 3007.

## DISCUSSION

8. "A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim" and "is deemed allowed, unless a party in interest...objects." Fed. R. Bankr. P. 3001(f); 11 U.S.C. §502(a). If the objector presents evidence refuting at least one of the allegations essential to the claim's legal sufficiency, the burden shifts to the claimant to prove by a preponderance of the evidence that under applicable law the claim should be disallowed. See In re Oneida Ltd., 400 B.R. 384, 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp. (Chap. 11 Case No. 02-41729 (REG)), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). The ultimate burden of proof with respect to a disputed claim lies with the claimant. See In Re Allegheny Intl., Inc., 954 F.2d 167, 174 (3d Cir. 1992) ("If the objection produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.").

9. Additionally, with regard to secured, §506(a)(1) of the Bankruptcy Code, titled "Determination of Secured Status", provides in, relevant part, as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

10. As discussed above, by way of the Claim, Illinois has asserted a pre-petition indebtedness totaling $24,987.95 against the Debtor which is purportedly secured by a lien against the Debtor's assets based upon notices of tax liens issued on August 15, 2012. As further discussed above, by way of the IRS Claim, the IRS has also asserted a secured claim for the full value of the Debtor's assets (*i.e.*, $254,117.41) premised upon a notice of federal tax lien filed on July 8, 2009, well before the issuance of the notices of tax liens upon which Illinois relies.[1] As a result, Illinois' interests, if any, in the Debtor's assets have no value and, as a result, the Claim should be reclassified as a general unsecured claim against the Debtor.

**WHEREFORE**, the Debtor respectfully requests that the relief sought herein be granted in its entirety along with such other and further relief as may be just and proper.

Dated: New York, New York
November 18, 2015

PICK & ZABICKI LLP
Counsel to the Debtor

By: _____
Douglas J. Pick, Esq.
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

---

[1] Additional claims alleging to be secured by liens against or interests in the Debtor's assets have been asserted in the Debtor's case including: (a) a $63,705.01 secured claim asserted by the New York State Department of Taxation and Finance (Claim No. 1); and (b) a $1,019,683.38 secured claim asserted by Christopher Velissaris (as assignee of the Debtor's pre-petition secured lender) (Schedule D).